UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRES, | Case No. 18-cv-03422-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS APPEAL** |
| WELLS FARGO BANK N.A, | Docket No. 5 |
| Defendant. | |

Appellant Isidoro Torres, proceeding pro se, appeals an order of the Bankruptcy Court denying his motion to reconsider its order granting Appellee Wells Fargo Bank's motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Wells Fargo argues the case is moot because the property at issue has been sold via foreclosure sale. For the reasons stated below, Wells Fargo's motion to dismiss the appeal is **GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Mr. Torres executed a promissory note secured by a mortgage on his real property at 1898 Seaview Drive, San Jose, CA 95122 ("Property") in favor of Wells Fargo. *See* Docket No. 5, Exh. 2 (mortgage note), Exh. 3 (deed of trust). On February 22, 2018, Mr. Torres filed a Chapter 13 voluntary bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of California. *See id.*, Exh. 1 (Bankruptcy Court docket). The filing of the petition operated as an automatic stay on the collection of the Mr. Torres' pre-filing debts. *See* 11 U.S.C. § 362(a). On March 15, 2018, Wells Fargo filed a motion for relief from the automatic stay, asserting that Mr. Torres had failed to pay on his mortgage since April 2013, that a foreclosure sale of the Property had been scheduled, and that Mr. Torres' "filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy cases affecting the Property."

*See* Docket No. 5, Exh. 5 at 3 (motion for relief). On April 6, 2018, the Bankruptcy Court granted the motion for relief and ordered the stay terminated, "thereby permitting enforcement of [Wells Fargo's] contractual default remedies against the [Property]." *Id.*, Exh. 7 (order). Three days later, the Bankruptcy Court dismissed the case after Mr. Torres failed to comply with a court order to file required documents. *See id.*, Exh. 5 (order of dismissal).

On April 25, 2018, Mr. Torres filed a motion for reconsideration of the order granting relief from the automatic stay. *See id.*, Exh. 8 (motion for reconsideration). The Bankruptcy Court denied the motion on June 4, 2018. *See id.*, Exh. 9 (order). The instant appeal followed. Mr. Torres then filed an emergency motion with the Bankruptcy Court to stay the foreclosure sale pending appeal. The Bankruptcy Court denied the motion. *See id.*, Exh. 15 (order denying emergency motion). Mr. Torres did not seek a stay from this Court.

According to Wells Fargo, the Property was sold to a third party via foreclosure sale on June 8, 2018. Docket No. 5 at 6.

## II. DISCUSSION

Wells Fargo contends that in light of the sale of the Property, this appeal is now moot. *See* Docket No. 5 at 6. Mr. Torres has not filed an opposition to the motion.

It is well established in the Ninth Circuit that "[b]ankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988). Here, the Bankruptcy Court lifted the automatic stay, thereby allowing Wells Fargo to proceed with the foreclosure sale, and Mr. Torres failed to secure a stay pending appeal. Accordingly, this appeal is moot. *See, e.g.*, *In re Bronson*, 610 F. App'x 710, 711 (9th Cir. 2015) (dismissing bankruptcy appeal as moot where appellants "failed to obtain a stay from the bankruptcy court's 2008 order permitting [creditor] to foreclose on the office building").

There is a "singular exception to the general mootness rule" that applies "when real property is sold to a creditor who is a party to the appeal, but only when the sale is subject to

statutory rights of redemption." *Save Al-Huda Sch. Found. v. Islamic Soc'y of San Francisco*, No. C-09-05665-MHP, 2011 WL 672658, at *6 (N.D. Cal. Feb. 16, 2011) (citing *Onouli–Kona Land Co.*, 846 F.2d at 1172–73). But the exception does not apply here because Wells Fargo represents that the Property was sold to a third party. *See* Docket No. 5 at 6. No statutory right of redemption applies.

### III.       <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss the appeal is **GRANTED**. The Clerk of the Court shall enter judgment for the Defendant and close the case. This Order disposes of Docket No. 5.

**IT IS SO ORDERED**.

Dated: September 11, 2018

_____
EDWARD M. CHEN
United States District Judge